FILED

2014 Dec-15  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| GEORGE WALTER PRESLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-cv-02067-LSC-TMP |
| | ) |
| LATONYA SCOTT, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

The magistrate judge filed a report and recommendation on September 5, 2014, recommending that the following claims be dismissed as frivolous, for seeking monetary relief from a defendant who is immune from such relief, or for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1) and/or (b)(2):

1. The plaintiff's claims against the Alabama Department of Corrections;

2. The plaintiff's claims against the defendants in their official capacities for monetary relief;

3. The plaintiff's supervisory claims against Defendants Bentley and Thomas;

4. The plaintiff's claims against the defendants for violation of

administrative regulations;

5.  All claims against Defendant Ossie Brown;

6.  The plaintiff's First Amendment retaliation claim against Defendant Scott;

7.  The plaintiff's claims against the defendants pursuant to the Religious Freedom Restoration Act;

8.  The plaintiff's Fourteenth Amendment equal protection claims against Defendants Scott, McDowell, Sanders, and Davenport;

9.  The plaintiff's Fourteenth Amendment access to courts claims;

10.   The plaintiff's Fourteenth Amendment due process claims;

11.   The plaintiff's Fifth Amendment claims;

12.   The plaintiff's conspiracy claims;

13.   The plaintiff's claims against the defendants for violation of the stipulation in *Limbaugh v. Thompson, et al.*, Case No. 2:93-cv-1404-ID (M.D. Ala.), *Native American Prisoners of Alabama – Turtle Wind Clan v. State of Alabama*, Case No. 2:96-cv-554-WHA (M.D. Ala.), and the settlement agreement in *Presley v. Edwards*, Case No. 2:04-cv-729-WKW (M.D. Ala.);

14.   The plaintiff's state law fraud claims; and

2

15.   The plaintiff's claims under federal criminal statutes and for felonious injury.

(Doc. 10).

The magistrate judge further recommended that the following claims be referred to the magistrate judge for further proceedings:

1. The plaintiff's First Amendment free exercise claims against Defendants Scott, McDowell, Sanders, and Davenport;

2. The plaintiff's claims pursuant to the Religious Land Use and Institutionalized Persons Act against Defendants Scott, McDowell, Sanders, and Davenport;

3. The plaintiff's claims pursuant to the Alabama Religious Freedom Amendment against Defendants Scott, McDowell, Sanders, and Davenport;

4. The plaintiff's state law claims for conversion against Defendants Scott, McDowell, Sanders, and Davenport with regard to the confiscation and destruction of his medicine bag only;

5. The plaintiff's state law claims for wantonness against Defendants Scott, McDowell, Sanders, and Davenport with regard to the confiscation and destruction of his medicine bag only; and

6. The plaintiff's state law claims pursuant to the Open Records Act against

Defendants Sanders, Scott, and Thomas.

(*Id*.).

On December 3, 2014, the plaintiff filed objections to the magistrate judge's report and recommendation.  (Doc. 24).  The court will not address those parts of the plaintiff's objections that are merely restatements of his claims.  Neither will the court address new facts and claims alleged by the plaintiff that were not pleaded in his original complaint.

## 1.    Alabama Department of Corrections ("ADOC")

The magistrate judge concluded that the plaintiff cannot maintain a § 1983 action against the ADOC because the Eleventh Amendment bars a § 1983 action in federal court against the state or an agency of the state.  (Doc. 10 at 16).  The plaintiff states in his objections that he does not seek monetary relief from the ADOC but only injunctive and declaratory relief.   (Doc. 24 at 1-2).[1]   However, the Eleventh Amendment bars not only monetary relief, but also injunctive and declaratory relief against the state or an agency of the state. *Edelman v. Jordan*, 415 U.S. 651, 662-71 (1974) (monetary relief); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (injunctive relief).

To the extent the plaintiff alleges the ADOC can be held liable under state law, (doc. 24 at 7-8), such claim is also without merit.  Section 14, Ala. Const. 1901,

---

[1] Citations are to CM/ECF page numbers.

provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  This section affords the State and its agencies an "absolute" immunity from suit in any court.  *Ex parte Mobile County Dep't of Human Res.*, 815 So.2d 527, 530 (Ala. 2001).  Therefore, the plaintiff cannot seek monetary or equitable relief from the ADOC under state law.  The plaintiff's objections to the dismissal of his claims against the ADOC are OVERRULED and the ADOC is due to be dismissed.

### 2.    Eleventh Amendment Immunity

The magistrate judge determined that the plaintiff's constitutional claims against the defendants in their official capacities for monetary and injunctive relief are due to be dismissed under Eleventh Amendment sovereign immunity.  (Doc. 10 at 17).  Although Eleventh Amendment immunity protects state officials from suits for monetary damages, actions against a state official for prospective injunctive relief are outside the protection offered by the Eleventh Amendment.  *Ex parte Young*, 209 U.S. 123 (1908); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 96 (1984).  However, the magistrate judge concluded that the plaintiff had not alleged any basis for prospective injunctive relief against the defendants in their official capacities.  (Doc. 10 at 17-18).

5

The plaintiff argues that his claims against the defendants in their individual capacities for injunctive and declaratory relief are not barred by the Eleventh Amendment. (Doc. 24 at 9-11). The plaintiff also argues that the defendants are not immune from suit under the Eleventh Amendment for state law actions. (*Id*.).

To the extent the plaintiff alleges *constitutional* claims against the defendants in their *official* capacities for monetary relief, such claims are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Moreover, the plaintiff has not shown that he is entitled to an injunction against the defendants in their official capacities to prevent some action by the defendants in the future. Therefore, the plaintiff's objections to the dismissal of his constitutional claims against the defendants in their official capacities for monetary and injunctive relief are OVERRULED and the claims are due to be dismissed.

### 3.    Governor Robert Bentley & Commissioner Kim Thomas

The magistrate judge recommended the dismissal of the plaintiff's supervisory claims against Defendants Bentley and Thomas because the plaintiff failed to show the defendants were personally involved in seizing and destroying his religious items or that they were causally connected to the alleged deprivation. (Doc. 10 at 18-22). The plaintiff concedes that his claims against Governor Bentley should be dismissed. (Doc. 24 at 12). However, he argues the court should not dismiss his claims against

Commissioner Kim Thomas.  (Doc. 24 at 12-22).  In his objections, the plaintiff re-alleges many of his claims against Thomas which are merely based on Thomas's position as ADOC Commissioner. (*Id.*).

Defendant Thomas cannot be held liable for the actions or omissions of his subordinates under § 1983 on the basis of *respondeat superior* or vicarious liability. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  Instead, the plaintiff must either show Defendant Thomas was personally involved in the constitutional violations complained of or there was some causal connection between Thomas and the alleged deprivation.  *See Cottone v. Jenne*, 326 F.3d 1352, 1360-61 (11th Cir. 2003) (holding that a causal connection is shown by a history of widespread abuse which puts the supervisor on notice; a supervisor's custom or policy results in deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed his subordinates to act unlawfully or knew they would act unlawfully and failed to stop them).   The plaintiff has not pleaded any facts which would establish a causal connection concerning his claims against Defendant Thomas.  As such, the plaintiff's objections to the dismissal of his supervisory claims against Defendant Thomas are OVERRULED and the plaintiff's supervisory claims against both Defendants Bentley and Thomas are due to be dismissed.

### 4.     Chaplain Ossie Brown

The magistrate judge recommended that all of the plaintiff's claims against Chaplain Ossie Brown be dismissed.  (Doc. 10 at 29, 41 n.10, 55 & 59).  Specifically, the magistrate judge found that under the plaintiff's alleged facts, Defendant Brown was not involved in either the seizure or destruction of the plaintiff's religious items. (*Id*.). Rather, Defendant Brown's only role in the events was his refusal to intervene on the plaintiff's behalf by getting the religious items returned.  (*Id*.).

The plaintiff argues in his objections that Defendant Brown knew there was inadequate space for the plaintiff's religious items on the ceremonial grounds and that the plaintiff had to store the items in his cell.  (Doc. 24 at 22-25).  He further argues that Brown had "advanced knowledge" of the plaintiff's predicament and Brown was deliberately indifferent to the plaintiff's rights when he failed to stop prison officials from confiscating his religious items.  (*Id*. at 24).

The plaintiff's assertions are insufficient to state a claim for relief against Defendant Brown.  Brown's failure to intervene does not translate into his being personally involved in, authorizing, or approving the confiscation and destruction of the plaintiff's items.  Therefore, the plaintiff's objections to the dismissal of his claims against Defendant Brown are hereby OVERRULED and all claims against Defendant Brown are due to be dismissed.

## 5.      Administrative Regulations

The magistrate judge recommended the dismissal of the plaintiff's claims that the defendants violated numerous administrative regulations when they seized and destroyed his religious items because the mere fact that prison officials violate prison regulations does not, by itself, raise a constitutional issue. *Sandin v. Connor*, 515 U.S. 472, 481-82 (1995).   The plaintiff now alleges in his objections that the defendants' violation of prison administrative regulations also violates state law. (Doc. 24 at 23-29).

The magistrate judge recommended that the plaintiff's state law claims for conversion and wantonness proceed against Defendants Scott, McDowell, Sanders, and Davenport for destruction of the plaintiff's medicine bag because the defendants' actions, as alleged by the plaintiff, went beyond the defendants' authority under Administrative Regulation 333. (Doc. 10 at 54-59).   The plaintiff does not associate any other state law with the defendants' alleged violation of prison regulations and the court will not consider any new state law claims raised in the plaintiff's objections. [2]

The plaintiff's objections are OVERRULED to the extent he seeks to allege the violation of prison regulations based on additional state law claims, different from the

---

[2]   The plaintiff has not identified a private cause of action based on the violation of prison regulations.

state law claims that were set forth in his original complaint and that are due to be referred for further proceedings.

### 6.   Retaliation

The magistrate judge recommended dismissal of the plaintiff's First Amendment retaliation claim against Defendant Scott because Scott's decision to move the plaintiff from one general-population cell to another worked no materially adverse effect on the plaintiff. (Doc. 10 at 29-33). The plaintiff now claims in his objections that the dorm where Scott moved him to is "one of the worst dorms for racism" and inmates stole some of his toiletries and clothing.[3] (Doc. 24 at 37). As alleged, the theft of the plaintiff's toiletries and clothing does not amount to a materially adverse effect on the plaintiff, especially at a maximum security prison such at St. Clair. Indeed, such theft could have occurred in just about any dorm in the prison. The plaintiff's objections to the dismissal of his retaliation claims are OVERRRULED and the claims are due to be dismissed.

### 7.   Fraud

The magistrate judge recommended dismissal of the plaintiff's state law claims for fraud because he failed to show that Defendant Brown made misrepresentations upon which the plaintiff relied to his detriment. (Doc. 10 at 63-64). In his objections,

---

[3] The plaintiff does not allege whether the theft was a one-time incident or whether it happened on several different occasions.

the plaintiff merely restates his claims, or attempts to allege new ones, and does not address how he relied on Defendant Brown's alleged misrepresentations to his detriment.[4] (Doc. 24 at 39-41).  The plaintiff's objections to the dismissal of his fraud claims are OVERRULED and the claims are due to be dismissed.

### 8.    Fourteenth Amendment Claims

#### a.    Access to Courts

The magistrate judge recommended dismissal of the plaintiff's Fourteenth Amendment access to courts claims because the plaintiff failed to show that he was prejudiced by the defendants' failure to provide him with case reporters, codes, and case law outside of his present jurisdiction.  (Doc. 10 at 48-50).  The plaintiff restates his claims and attempts to allege facts in his objections that he did not present in his original complaint.[5]  (Doc. 24 at 41-50).  The plaintiff does not address how he has been prejudiced by prison officials' failure to provide him with certain legal

---

[4]  The plaintiff also attempts to allege a state law claim for intentional infliction of emotional distress in this part of his objections.  (Doc. 24 at 40-41).  The court will not consider such claim.

[5]  Throughout the plaintiff's objections, he sets forth events which occurred just prior to his transfer from St. Clair on September 24, 2014, to support his claims, including his access to courts claims.  (Doc. 24 at 43-48).  These events were not part of the plaintiff's original complaint and, therefore, not addressed in the magistrate judge's report and recommendation.  The magistrate judge entered an order on October 24, 2014, granting the plaintiff's motion to amend the complaint to state claims against Lieutenant Carter under the First Amendment, the RLUIPA, the ARFA, and for wantonness for denying the plaintiff his religious items upon his transfer on September 24, 2014. (Doc. 19).

materials.   The plaintiff's objections to dismissal of his Fourteenth Amendment access to courts claims are OVERRULED and the claims are due to be dismissed.

### b.    Due Process

The magistrate judge determined that the plaintiff's Fourteenth Amendment due process claims against the defendants for destroying his property are due to be dismissed because he had meaningful post-deprivation remedies available to him such as the Board of Adjustment and Alabama tort law.  (Doc. 10 at 53-54).  The plaintiff contends that he cannot file a claim with the Board of Adjustment because the Board requires him to provide documentation such as an incident report, which the defendants will not provide him.  (Doc. 24 at 50-54).  Even if the plaintiff cannot comply with the requirements for filing a claim with the Board, he also has post-deprivation remedies available to him under Alabama tort law sufficient to satisfy due process.

The magistrate judge recommended dismissal of the plaintiff's Fourteenth Amendment procedural due process claims under *Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). (Doc. 10 at 51-53). The plaintiff does not address in his objections how the conditions of disciplinary segregation or the loss of privileges created a major disruption in his environment or unexpectedly exceeded his sentence in a manner to deprive him of a liberty interest protected by the Due Process Clause.

(Doc. 24 at 54-58).   Therefore, the plaintiff's objections to the dismissal of this procedural due process claims are OVERRULED and are due to be dismissed.

      c.      **Equal Protection**

The magistrate judge concluded that the plaintiff's equal protection claims are due to be dismissed because the plaintiff did not show that he was similarly situated to other inmates who were treated differently because of their religious beliefs or that the defendants discriminated against the plaintiff based on his religion.  (Doc. 10 at 44-48).   In his objections, the plaintiff contends the defendants confiscated his religious items because "of the plaintiff standing up for his religious rights."  (Doc. 24 at 60).  He states that "other Native America inmates also kept and keep their religious items in their cells or dorms[;] yet none of these inmate have had their Native American sacred items taken, and no one has ever been shook down by Captain Sanders since the June 23, 2013 incident."  (*Id*.).

The fact that the plaintiff alleges defendants did not confiscate items from other Native American inmates only undermines his claims that the defendants violated his right to equal protection because it shows the defendants' actions were not motivated by intentional and purposeful discrimination against his religion.  Neither has the plaintiff alleged in his objections that his religious items were materially the same as Muslim, Christian, or Catholic inmates.

Based on the foregoing, the plaintiff's objections to the dismissal of his Fourteenth Amendment equal protection claims are OVERRULED and the claims are due to be dismissed.

### 9.    Conspiracy

The plaintiff objects to the magistrate judge's recommendation that his conspiracy claims be dismissed.  The plaintiff has not alleged any supporting operative facts that the defendants "reached an understanding" or had a "meeting of the minds" to violate his constitutional rights. *Addickes v. S.H. Kress & Co*., 398 U.S. 144, 152 (1970); *First Bank of Childerburg v. Florey*, 676 So.2d 324, 327 (Ala. Civ. App. 1996).  Rather, the plaintiff continues to make only conclusory allegations that a conspiracy existed among the defendants. (Doc. 24 at 63-68). The plaintiff argues that the defendants are all supervisors and "are constantly in touch with one another, through staff meetings, both weekly and daily . . . ." (Doc. 24 at 63).  The fact that these defendants work together does not establish that they conspired to violate the plaintiff's constitutional rights. The plaintiff's objections to the dismissal of his conspiracy claims are therefore OVERRULED and are due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby

ADOPTED and the magistrate judge's recommendation is ACCEPTED. It is therefore ORDERED, ADJUDGED, and DECREED that the following claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (b)(2):

1. The plaintiff's claims against the Alabama Department of Corrections;

2. The plaintiff's claims against the defendant in their official capacities for monetary relief;

3. The plaintiff's supervisory claims against Defendants Bentley and Thomas;

4. The plaintiff's claims against the defendants for violation of administrative regulations;

5. All claims against Defendant Ossie Brown;

6. The plaintiff's First Amendment retaliation claim against Defendant Scott;

7. The plaintiff's claims against the defendants pursuant to the Religious Freedom Restoration Act;

8. The plaintiff's Fourteenth Amendment equal protection claims against Defendants Scott, McDowell, Sanders, and Davenport;

9. The plaintiff's Fourteenth Amendment access to courts claims;

10. The plaintiff's Fourteenth Amendment due process claims;

11.     The plaintiff's Fifth Amendment claims;

12.     The plaintiff's conspiracy claims;

13.     The plaintiff's claims against the defendants for violation of the stipulation in *Limbaugh v. Thompson, et al.*, Case No. 2:93-cv-1404-ID (M.D. Ala.) and *Native American Prisoners of Alabama – Turtle Wind Clan v. State of Alabama*, Case No. 2:96-cv-554-WHA (M.D. Ala.) and the settlement agreement in *Presley v. Edwards*, Case No. 2:04-cv-729-WKW (M.D. Ala.);

14.     The plaintiff's state law fraud claims; and

15.     The plaintiff's claims under federal criminal statutes and for felonious injury.

It is further ORDERED that the following claims are REFERRED to the magistrate judge for further proceedings:

1.     The plaintiff's First Amendment free exercise claims against Defendants Scott, McDowell, Sanders, and Davenport;

2.     The plaintiff's claims pursuant to the Religious Land Use and Institutionalized Persons Act against Defendants Scott, McDowell, Sanders, and Davenport;

3.   The plaintiff's claims pursuant to the Alabama Religious Freedom Amendment against Defendants Scott, McDowell, Sanders, and Davenport;

4.   The plaintiff's state law claims for conversion against Defendants Scott, McDowell, Sanders, and Davenport with regard to the confiscation and destruction of his medicine bag only;

5.   The plaintiff's state law claims for wantonness against Defendants Scott, McDowell, Sanders, and Davenport with regard to the confiscation and destruction of his medicine bag only; and

6.   The plaintiff's state law claims pursuant to the Open Records Act against Defendants Sanders, Scott, and Thomas.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

Done this 15th day of December 2014.

L. Scott Coogler
United States District Judge

[160704]