# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| GEORGE WALTER PRESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:13-cv-02067-LSC-TMP |
| ) | |
| LATONYA SCOTT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on March 2, 2016, recommending that the defendants' motion to dismiss be granted and the plaintiff's complaint and amended complaint be dismissed without prejudice for the plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  (Doc. 49).  The magistrate judge further recommended dismissal of the plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).  (*Id*.).  The plaintiff filed objections to the report and recommendation on March 18, 2016.  (Doc. 51).

In his objections, the plaintiff argues that he did not have access to Administrative Regulation ("AR") 313, which provides a grievance procedure for inmates regarding "matters of a religious nature."  (Doc. 51 at 1, 6; Doc. 41-9 at 2, 6-7).  However, the plaintiff's argument is unavailing since he acknowledges he

has submitted requests for religious assistance in the past pursuant to AR 313. (Doc. 47 at 33; Doc. 51 at 7-8).

The plaintiff further states that he submitted letters to former ADOC Commissioner Kim Thomas, the ADOC Legal Division, and Pastoral Programs Supervisor Thomas Woodfin regarding the confiscation of his religious items on June 23, 2013. (Doc. 51 at 3). In response, Associate Commissioner Terrance McDonnell and Woodfin acknowledged in separate letters that some of the plaintiff's property had been wrongly confiscated and directed the plaintiff to seek payment for the property through the Board of Adjustment. (Docs. 51 at 17-18, Exs. EE, FF). The plaintiff maintains that his letters and McDonnell's and Woodfin's subsequent responses "rectif[y] any and all exhaustion of administrative remedies."[1] (Doc. 51 at 3).

The Supreme Court has noted that exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. In other words, an institution's requirements define what is considered exhaustion. *Jones v. Brock*, 549 U.S. 199,

---

[1] The plaintiff claims he again wrote letters to Commissioner Thomas, Captain Peters, Chaplain Woodfin, and ADOC's Investigations & Intelligence Division concerning guards' refusal to allow him to access the Native American grounds prior to his transfer on September 24, 2014. (Doc. 51 at 9-10).

2

218 (2007).  Therefore, under the law, the plaintiff must do more than simply initiate a grievance; he must also appeal any denial of relief through all levels of review that comprise the administrative grievance process.  *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005))).

Under the inmate grievance procedure set out in AR 313 § III(B)(1), (L), the plaintiff was required to inform the chaplain about the seizure of his medicine bag on June 23, 2013, and retention of his religious objects before his transfer on September 24, 2014, so that these disputes over religious objects could be resolved by the chaplain.  AR 313 provides a grievance procedure for an inmate to submit a request regarding "matters of a religious nature" to the chaplain for initial resolution, with the Religious Activities Review Committee having final approval on such matters.  (Doc. 41-9 at 2, 6-7).  Although review of "religious activity may *originate* at any level[,] ., . . approval/disapproval authority is the responsibility of the Religious Activities Review Committee."[2]  (*Id.* at 3).  While the plaintiff claims Chaplain Brown denied him assistance after the confiscation of his religious materials on June 23, 2013, the plaintiff does not dispute that he failed to file a

---

[2]  According to AR 313 § III (B)(3), the Religious Activities Review Committee consists of the Regional Coordinator and three (3) chaplains.  (Doc. 41-9 at 3).

3

written grievance concerning the confiscation, or the retention of his religious materials on September 24, 2014, pursuant to AR 313. Therefore, the Religious Activities Review Committee has not had an opportunity to review his claims. *See Eaton-Bey v. Smith*, No. 2:14-cv-1085-MHT, 2015 WL 1120280 at * 1-5 (M.D. Ala. March 12, 2015) (dismissing Alabama inmate's First Amendment claims without prejudice for failure to exhaust administrative remedies under AR 313). The fact that the plaintiff sent letters to the warden, ADOC Legal Division, and Woodfin does not excuse his failure to follow the grievance procedure set out in AR 313. Indeed, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) (citation omitted).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the defendants' motion to dismiss is due to be **GRANTED** and the plaintiff's complaint and amended complaint are due to be **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Additionally, the plaintiff's state law claims are due to be **DISMISSED WITHOUT PREJUDICE** pursuant 28 U.S.C. § 1367(c)(3).

**DONE** AND **ORDERED** ON MARCH 28, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704